IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

GARY E. PEEL,

Defendant.                                              No. 06-CR-30049-DRH

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is Peel's motion for recusal filed on May 8, 2006 (Doc. 15).  Specifically, Peel argues that the mere appearance of impartiality of this Court might reasonably be questioned due to the "relationship" between the undersigned and Defendant.  He concedes that he does not contend that the Court harbors any actual bias or prejudice in this matter.

On March 22, 2006, the grand jury returned a four count indictment against Gary E. Peel alleging bankruptcy fraud (Count 1), obstruction of justice (Count 2) and possession of child pornography (Counts 3 & 4) in violation of 18 U.S.C. § § 152(6), 1512(c) and 2252A(a)(5)(B) (Doc. 1).  On April 13, 2006, Peel appeared before Magistrate Judge Wilkerson and pled not guilty to the charges contained in the indictment (Doc. 4).  During the arraignment, the undersigned district judge made a disclosure of his prior business relationship with Peel.  The

undersigned indicated that in the early 80s (about 20 years ago) he was the managing partner and that Peel was an employee of the law firm Lakin Herndon & Peel[1]; that Peel was with the firm for about 3 years; and that Peel left the firm to make more money and that his departure was amicable.  The undersigned also disclosed that since Peel left the law firm there has been no other relationship (business or otherwise) with Peel other than "knowing him like any other lawyer in this fairly small legal community."  The undersigned also noted that sometime in late 2003 Bradly Lakin of the Lakin law firm called the undersigned and inquired about Peel because the Lakin law firm was interested in rehiring Peel.  Mr. Lakin called to inquire about why and under what circumstances Peel had left Lakin Herndon & Peel in the early 80s.  The undersigned affirmed that Peel left of own his own accord and that his work with the firm had been fine at that time.  Further, the undersigned noted that he does not have any interest (financial or otherwise) in the current Lakin law firm; that he does not recuse from Lakin law firm cases and that in the one case that Peel appeared as counsel before the undersigned (since he has been on the bench), the undersigned ruled against him on a pending motion.  Thereafter on May 8, 2006, despite the fact that the Court carefully pointed out that it has no "relationship" with Defendant, Peel filed the present motion to recuse based on some perceived "relationship."  The Court now turns to address the merits of Peel's motion.

---

[1]The law firm Lakin Herndon & Peel used Peel's name at Peel's request because he got a lot of referrals from other lawyers.  Peel was not a stockholder or a principal in the firm.  He was an employee and took no role in the management of the firm.

## II. Code of Conduct for United States Judges

Canon 3, Section A sets out the adjudicative responsibilities of a federal judge. Specifically, subsection 2 thereof states: "A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings." Subsection C describes the area of disqualification. It is not by happenstance that the canon begins with the admonition that a judge handle matters assigned. A judge should always begin with the proposition that he or she handle the caseload entrusted to him or her in order to facilitate an efficient and well organized court system with a truly random assignment of cases. Doing so further insures a well balanced assignment of cases. A judge's recusal from a case is not something to be exercised on a whim or without considerable thought and certainly only for appropriate reasons.

This judge certainly considers his work ethic seriously and only recuses when absolutely necessary. If anything, the judge is used to taking on extra work rather than passing on work to his brethren who are already burdened with plenty to do. The judge's colleagues can attest to his absence from this district while helping out in another district much of November and December of last year and April and May of this year. Having suggested a primary inclination to handle what is assigned to a judge should not be interpreted as a "duty to sit," at least in close cases. Clearly such has been found to have be nonexistent with the passage of **28 U.S.C. § 455.** *See*, ***SCA Services, Inc. v. Morgan,* 557 F.2d 110, 113 (7th Cir.**

**1977).** By the same token, a party should not seek a judge's recusal simply to avoid a judge and facilitate the desire to shop around for another judge, perhaps one who is more lenient in the imposition of sentences.

### III.  Recusal Under 28 U.S.C. § 455(a)

According to **28 U.S.C. § 455(a)** "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.**"** *See Liteky v. United States,* **510 U.S. 540, 548 (1994)**. Section 455(a) has been termed the "'catchall ' recusal provision, covering both 'interest and relationship' and 'bias and prejudice grounds." *Id.* **at 548**. Actual bias is not necessary; the appearance of bias is adequate to trigger recusal under § 455.  The inquiry under § 455(a) is based on an objective standard.  *Id.* Thus, the inquiry to be made is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade,* **89 F.3d 350, 354 (7th Cir.1996) (citation omitted)**. "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. United States District Court for the District of Columbia*, **541 U.S. 913, 124 S.Ct. 1391, 1392 (2004) (quoting** *Microsoft Corp. v. United States,* **530 U.S. 1301, 1302 (2000))**. This inquiry is made based on a reasonable person standard, as opposed to "a hypersensitive or unduly suspicious person." *Hook,* **89 F.3d at 354 (citation omitted)**.  Thus, trivial risks of perceived impartiality are insufficient

to warrant recusal.  ***See Id.***  The objective, reasonable person standard of § 455(a) is intended to promote public confidence in the impartiality of the judicial process. "In furthering the policy of public confidence in the impartiality of the judicial process, a court faced with a motion under § 455(a) must recuse itself where valid reasons are presented, and must not recuse itself where the proffered reasons are not valid." ***New York City Housing Development Corp. v. Hart,* 796 F.2d 976, 981 (7th Cir. 1986);** *see also **United States v. Baskes,* **687 F.2d 165, 170 (7th Cir. 1981)(rev'd on other grounds)("A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do.")**.

### IV.  <u>Analysis</u>

In support of his recusal motion, Peel contends a prior business relationship between the undersigned and himself and the publicity surrounding this case warrants recusal.  Specifically, Peel contends that recent local media accounts and future media accounts regarding the undersigned's association with Peel require the undersigned to recuse from this matter.² The Government and the undersigned

---

²Among *inter alia*, Peel mainly points to a recent editorial from the Belleville News Democrat urging the undersigned to recuse as his support for recusal.  The April 17, 2006 Editorial reads:
U.S. District Judge David Herndon said he isn't required to recuse himself from the Gary Peel case, but why wouldn't he do it anyway?
Peel, charged with child pornography, fraud and obstruction of justice, worked with Herndon in the 1980s.  In 2003, Herndon gave Peel a job reference that helped him get hired at the Lakin Law Firm.
This powerful, politically influential personal injury firm has been at the center of the Madison County tort reform controversy.  The firm was Lakin and Herndon until 1991, when Herndon left to become a judge.
Rightly or wrongly, people will speculate about whether Herndon's ties with Peel and the

disagree.

First, "A judge's friendship with one of the attorneys, or acquaintance with witnesses or even parties, does not ordinarily require recusal ... [h]owever, there are cases where the extent of intimacy, or other circumstances, renders recusal necessary." ***Recusal: Analysis of Case Law Under 28 U.S.C. §§ 455 & 144 (Fed.Jud.Ctr.2002)***. This is not such a case. The mere fact that a judge knows any attorney, witness or litigant is insufficient to warrant recusal. Further, the mere fact that at some point in time the attorney, witness or litigant may appear before him is insufficient to warrant recusal. Similarly, the mere fact that a judge was once a boss of a litigant is insufficient to warrant recusal. ***See United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985)(A judge need not cut himself off from the rest of the legal community.);** *see also* ***Cheney*, 124 S.Ct. at 1394-95 ("A rule that required Members of this Court to remove themselves from cases in which the official actions of friends were at issue would be utterly disabling")**. As the Seventh Circuit has stated:

> In today's legal culture friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut himself off from the rest of the legal community. Social as well as official communications among judges and lawyers may improve the quality of legal decisions. Social interactions also make service on the bench, quite isolated as a rule, more tolerable to judges. Many well-

---

law firm, loose as they may be, influence the case. Herndon understands the potential perception. That's why he disclosed his connection to Peel, even though he said it wasn't required.

This case, as we saw in the family bickering at Peel's arraignment last week, promises to be incredibly ugly. By removing himself as the judge, Herndon can remove at least one distraction. "Advice to Judge: Bow Out," 4/17/06 Belleville News Democrat A4, 2006 WLNR 6390905.

>qualified people would hesitate to become judges if they knew that wearing the robe meant either discharging one's friends or risking disqualification in substantial numbers of cases.

***Murphy*, 768 F.2d at 1537**.

The undersigned made this disclosure in an effort to nip in the bud any question regarding an appearance of impropriety or bias at the earliest stage in the proceedings. The Government points out that the Defendant characterized the disclosure as a self-accusation. In any event, it was not intended to generate a sensational story where there was not one present. The Court finds it odd that the Defendant would rely so heavily on an editorial in a local newspaper in the face of case law, cited by this Court, in the presentation of his motion. An editorial is an opinion piece by the editorial writer of the paper, which may or may not represent the opinion of the ownership of the paper or the beat writer covering the courthouse who is most familiar with the case and the daily operation of the court. It may be read by five percent of the paper's readership or twenty-five. The readership may constitute five percent of the local population or twenty-five and, more importantly, only one or two percent of the potential jury pool. In any event, the editorial is not a factual accounting of an event. It may hope to lead opinion, it clearly purported to give this Court advice. Based on facts surrounding this case, the Court finds that a reasonable person would not find an appearance of impropriety in this case.

Recusing in a case when one should not recuse is inappropriate. However, when there is a close call as to whether to recuse or not, the judge is not

faulted for recusing.  The Court is unable to find authority for what constitutes a "close call."  It is supposed that one knows it when one sees it.  The following discussion demonstrates that analysis that is at play in these matters:

> A judge may decide close calls in favor of recusal. But there must first be a close call. As we put it in *Suson v. Zenith Radio Corp.,* 763 F.2d 304, 308-09 n. 2 (7th Cir.1985), a "district judge is ··· obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason." See also *United States v. Baskes,* 687 F.2d 165, 170 (7th Cir.1981). A judge who removes himself whenever a party asks is giving that party a free strike, and Congress rejected proposals (now in effect in some states) to allow each party to remove a judge at the party's option. Automatic disqualification allows the party to manipulate the identity of the decisionmaker and may be no more healthy for the judicial system than is the denial of a borderline motion. At least this is the belief reflected in the existing statutes. . . . . . . . . Until Congress decides that the costs of recusal on demand are worth bearing, judges must evaluate each motion to decide whether under objective standards the judge's impartiality might *reasonably* be doubted.

***New York City Development Corp.,* 796 F.2d at 980-81.**  It is, of course, important that judges both be and **appear** to be just in the course of administering justice.  ***Murphy*, 768 F.2d at 1539 (7th Cir. 1985)(emphasis added).**

At bar, all of the reasons cited by the Defendant meet the trivial risks of perceived impartiality described in ***Hook*** above, suggesting that the Court need not recuse in this case.  At the very least, it would appear that the press to which the Defendant alludes, is the personification of and the progenitor of those hypersensitive or unduly suspicious persons also suggested in the ***Hook*** case as that which should likewise be contraindicative of the recusal of a judge.  As the reader

can discern, the Government's reasoning is this matter matches the Court's. However, because this is a criminal case and further because this Court is concerned that even the trivial and unreasonable comments will weigh too heavily on the process ahead and be grist for the press mill of irrelevant inquiry, the Court will find this one of those close calls and this judge does hereby recuse. By random assignment, this Court is informed by the Clerk's office that the case is assigned to United States District Judge William D. Stiehl. Henceforth, the case number shall be designated **06-30049-WDS**.

### V. Conclusion

Accordingly, the Court **GRANTS** Defendant's motion for recusal (Doc. 15).

**IT IS SO ORDERED.**

Signed this 18th day of May, 2006.

/s/       David RHerndon
**United States District Judge**