IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-30049-WDS |
| | ) | |
| GARY PEEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

The defendant has filed a motion to sever counts (Doc. 22), to which the government has filed a response (Doc. 23). The Court held oral argument on the matter and took it under advisement.

Defendant is charged by the Grand Jury in a four-count indictment with bankruptcy fraud related charges. Count 1 charges bankruptcy fraud, Count 2 charges obstruction of justice and Counts 3 & 4 charge possession of child pornography. The indictment alleges that in 1974 the defendant took sexually explicit photographs of his then-wife's sixteen year old sister, and retained those photographs. In November of 2003, defendant and his wife divorced and a settlement was entered into which obligated the defendant to meet certain financial obligations to his ex-wife. In July of 2005, defendant filed for bankruptcy, and sought discharge of financial obligations to his ex-wife who was listed as a creditor. His ex-wife opposed the discharge and the defendant is alleged to have telephoned his ex-wife on January 20, 2006, and revealed that he had a sexual relationship with her sister during their marriage and had taken pictures of her. He

is alleged to have told his ex-wife that copies of the pictures were in her mailbox and that if she did not agree to the discharge he would mail the pictures to his ex-wife's parents.

Defendant's motion seeks to sever the bankruptcy fraud count, Count 1, and the obstruction count, Count 2, from the possession of child pornography counts (Counts 3 and 4) on the grounds that a joint trial of all of these charges would unduly prejudice his right to a fair trial.  Specifically, he asserts that the jury will be unable to fairly weigh the charges of fraud and obstruction with the presence of the child pornography evidence.  In addition, he asserts that if these claims were separate, he would testify in his own defense concerning the allegations of fraud and obstruction, but elects at this time not to testify concerning the child pornography.  He further asserts that if these charges had been brought separately, the evidence on Counts 1 and 2 would be inadmissible as evidence of other acts under Rule 404(b), and that a joint trial would allow the jury to otherwise consider this "inadmissible" evidence.

The government has responded that the defendant has not made a sufficient showing, or established a sufficient risk of prejudice, to warrant severance.  In particular, the government asserts that the evidence of fraud and obstruction is intricately related to the possession of child pornography and vice-versa, so that even if there were no charges of possession of child pornography, the photographic evidence would be separately admissible to fill the conceptual void because they are "inextricably intertwined" and therefore, not subject to Rule 404(b) review.  It is the government's position that the defendant used the photographs in question to attempt to blackmail his ex-wife into dropping her bankruptcy challenge, and therefore, the photographs are not only relevant, but are central to the defendant's blackmail attempts.

Federal Rule of Criminal Procedure 8(a) allows joinder of multiple counts if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." *United States v. Quilling*, 261 F.3d 707, 713-14 (7th Cir.2001). To warrant severance, the defendant must show that the joinder created *actual prejudice* that would deprive him of a fair trial. *United States v. Rollins*, 301 F.3d 511, 519 (7th Cir.2002). The Seventh Circuit has held that "prejudice requiring severance is not shown if evidence on the severed counts would be admissible in the trial of the remaining counts." *Id*. at 519 (*quoting United States v. Rogers*, 475 F.2d 821, 828 (7th Cir.1973)).

Here, the allegations of the indictment satisfy Rule 8 because they arise out of a series of related transactions, all tied to the charged conduct. Put simply, the bankruptcy fraud and obstruction charges are so inextricably intertwined with the defendant's alleged use of, and possession of, child pornography that without this evidence being admitted, the allegations of fraud and obstruction would have neither context nor foundation. Therefore, the defendant is not entitled to severance under Rule 8.

Nor has he established a basis for severance under Fed. R. Crim. P. 14, which allows the court to grant a severance when the defendant's trial will be prejudiced by the joinder of other offenses or other defendants. Under Rule 14, the Court is to balance the cost of multiple trials against the possibility of prejudice which might arise from a single trial. *Rollins,* 301 F.3d at 518. Although the Court is aware of the possibility of prejudice that might arise from the pornography charges and introduction evidence related to those charges, that same evidence would be separately admissible in the charges in Counts 1 and 2 as being inextricably intertwined with those charges. Pornography, by its very nature, is strongly prejudicial. In light of the fact that

the pornography was allegedly used by the defendant to engage in bankruptcy fraud, the Court **FINDS** that severance of Counts 3 and 4 is simply not warranted.

Accordingly, the Court **DENIES** the defendant's motion to sever on all grounds raised.

**IT IS SO ORDERED.**

**DATED: July 18, 2006.**

                                      **s/ WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**