## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CRIMINAL NO. 06-30049-WDS |
| | ) |
| GARY PEEL, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss Count 2 of the Indictment[1] as

duplicitous (Doc. 31), to which the government has filed a response (Doc. 36).  Count 2 of the

Indictment alleges that the defendant obstructed justice when he tried to get his ex-wife to agree

to forego a bankruptcy challenge between January 20, 2006 and January 31, 2006.  18 U.S.C.

§ 1512(c)(2) provides, in pertinent part:

> (c) whoever corruptly–
>> (1) alters, destroys, mutilates, or conceals a record, document,
>> or other object, or attempts to do so, with the intent to impair
>> the object's integrity or availability for use in an official
>> proceeding; or
>> (2) otherwise obstructs, influences or impeded any official
>> proceeding, or attempts to do so,
> shall be fined under this tittle or imprisoned not more than 20 years, or
> both.

Specifically, the Indictment alleges that on January 20, 2006, the defendant telephoned his ex-

wife and informed her that he had engaged in a sexual relationship with her sister, and that he

had pictures of her sister which he describes as "sexually explicit."  He is alleged to have mailed

copies of four color photographs to his ex-wife.  In cooperation with law enforcement, the

----

[1]The defendant's motion erroneously refers to the counts of the Indictment by Roman numerals.  The Court
will refer to the Counts as they appear in the indictment.

defendant's ex-wife allegedly told the defendant that she wanted assurances that he would turn over the originals if she signed a new settlement agreement.  The defendant is alleged to have agreed to meet his ex-wife on January 31, 2006, and showed her the original photographs.  Those photographs were then placed in a sealed envelope and signed by both the defendant and his ex-wife.  He is alleged to have agreed to provide the originals to her once she signed the new settlement agreement.

The defendant asserts that Count 2 is duplicitous because either his conduct of providing the copies or the conduct of providing the originals would constitute a violation of 18 U.S.C. § 1512(c)(2).   It is well recognized that "the prohibition of duplicitous counts is embodied in Rule 8(a) of the Federal Rules of Criminal Procedure, which provides for 'a separate count for each offense.'" *United States v. Berardi*, 675 F.2d 894, 897 n. 5 (7th Cir. 1982).   In the Seventh Circuit, "'duplicity' is the joining of two or more offenses in a single count."*United States v. Marshall,* 75 F.3d 1097, 1111 (7th Cir. 1996) (*quoted in United States v. Hughes*, 310 F.3d 557, 560 (7th Cir. 2002). "The overall vice of duplicity is that the jury cannot in a general verdict render its findings on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." *United States v. Buchmeier*, 255 F.3d 415, 425 (7th Cir. 2001) (*quoted in Hughes*, 310 F.3d at 560).

A duplicitous indictment also "may expose a defendant to other adverse effects including improper notice of the charges against him, prejudice in the shaping of evidentiary rulings, in sentencing ... and of course the danger that a conviction will result from less than a unanimous verdict." 255 F.3d at 425 (internal quotations omitted).  However, "an indictment charging multiple acts in the same count, each of which could be charged as a separate offense, may not

2

be duplicitous where these acts comprise a continuing course of conduct that constitutes a single offense." 255 F.3d at 421.

The Seventh Circuit has held that the way to resolve issues regarding duplicity through the use of proper instructions to the jury. *See United States v. Marshall*, 75 F.3d 1097 (7th Cir. 1996) (where the court upheld an indictment containing a count that included "arguably separate and distinct" offenses on the finding that the district court had avoided prejudicing the defendant by instructing the jury that it was required to unanimously agree as to which of the offenses included in the disputed count the defendant had committed those offenses. *Id.* at 1112); *see also United States v. Cherif*, 943 F.2d 692, 701 (7th Cir. 1991) (explaining that the possibility that the defendant was convicted by a less than unanimous jury--where a count of the indictment listed two unlawful acts in the same count--could have been eliminated by an instruction requiring the jury to unanimously agree as to which act the defendant was guilty of committing); *See also United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997); *United States v. Trammell*, 133 F.3d 1343, 1354-55 (10th Cir. 1998).

In this case, the government has characterized the actions of the defendant as a single continuing offense. "A count is not duplicitous . . . if it simply charges the commission of a single offense by different means." *United States v. Berardi*, 675 F.2d 894, 897 (7th Cir. 1981). Fed. R. Crim. P. 7(c) provides that "A count may allege that the means by which the defendant committed the offense are unknown *or that he committed it by one or more specified means*." Fed. R. Crim. P. 7(c)(1) (emphasis added). Under the provisions of Rule 7(c)(1) two or more acts, each of which could constitute a separate offense, can be joined in a single count "without offending the rule against duplicity." *See, Berardi*, 675 F.2d at 898.

Therefore, in light of the continuing nature of the charged offense in Count 2 as well as the availability of appropriate jury instructions, the Court **FINDS** that defendant's motion to dismiss Count 2 is not well taken and it is, accordingly, **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 2, 2006.**

                              **s/ WILLIAM D. STIEHL**
                              **DISTRICT JUDGE**