IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-30049-WDS |
| | ) | |
| GARY PEEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss Counts 3 and 4 of the Indictment (Doc. 30), to which the government has filed a response (Doc. 35). The indictment in this cases is framed in four counts. Count 1 charges the defendant with bankruptcy fraud; Count 2 charges the defendant with obstruction of justice; and Counts 3 and 4 charge the defendant with possession of child pornography. The Court has previously determined that these charges have been properly joined as they arise out of a series of related transactions, and are "inextricably intertwined" with the defendant's alleged use of, and possession of child pornography. *(See* Doc. 27, *Memorandum & Order* of July 18, 2006).

The defendant seeks dismissal of Counts 3 and 4 on the grounds that the statute under which he is charged, 18 U.S.C. § 2252A(a)(5)(B), is unconstitutional in that it exceeds Congress' power under the Commerce Clause and the Necessary and Proper Clause of the Constitution. Counts 3 and 4 charge the defendant with violating 18 U.S.C. §2252A(a)(5)(B) which makes it illegal to possess material that:

> contains an image of child pornography that was produced using
> materials that had been mailed, or shipped or transported in
> interstate or foreign commerce by any means, including by
> computer, or that was produced using materials that have been

>mailed, or shipped or transported in interstate or foreign
>commerce by any means, including by computer. . . .

The indictment alleges that on January 20, 20006, and January 31, 2006, defendant knowingly possessed material that contained an image of his ex-wife's sister which constituted child pornography, specifically, color copies of four photographs on January 20,2006, and originals of those photographs on January 31, 2006.  In the motion to dismiss, the defendant asserts that he did not sell these images, trade them or at any time place them into the stream of commerce.  He takes the position that his possession of the photographs[1], even if they constitute pornography, were only possessed intrastate and therefore the possession would not have been in violation of federal law.

However, as the defendant acknowledges in his memorandum in support, the Supreme Court held in *Gonzales v. Raich*, 125 S. Ct. 2195, 2205-06 (2005) that Congress can regulate wholly intrastate activities, whether economic or not, if those activities are related to Congress' regulation of interstate economic activities.  *Id.* at 2205-15.  In *Raich,* the Court stated: "Our case law firmly establishes Congress' power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce." *Id.* at 2205.  Further, "Congress can regulate purely intrastate activity that is not itself 'commercial' . . . if it concludes that failure to regulate that class of activity would undercut the regulation of the interstate market in that commodity." *Id.* at 2206.

The defendant asserts that this Court should not apply the holding of *Raich* because the activity here falls short of the class of activities that Congress sought to regulate.  The Court,

---

[1]The defendant asserts that these photographs are not, contrary to the government's assertion, lascivious, and that they depict a sexually mature young woman of indeterminate age.

however rejects the defendant's contention.  Although the crime in *Raich* involved marijuana, the Supreme Court's analysis is equally applicable to the crimes charged in Counts 3 and 4, that is the possession of child pornography.  Clearly, Congress has the authority to prohibit the production of child pornography using materials that have moved in interstate commerce.  The defendant would have this Court carve out a narrow exception to the *Raich* line of cases asserting that the defendant's possession of the images described in Counts 3 and 4 did not act to fuel the interstate child pornography market; that the defendant does not collect or distribute child pornography; and that the image in these pictures depict a sexually mature woman.[2]  In addition, the defendant assets that his possession of the photographs in question, for over 30 years could not contribute to the activities that Congress was addressing, i.e. the production of materials that would be appealing to a pedophile or child molester.

In this assertion, the defendant is making an "as applied" challenge to the application of this statute.  However, as the Supreme Court rejected a similar "as applied" challenge in *Raich*, this Court rejects the defendant's contention.  The defendant's subjective intent with respect to whether he intended to put the photographs into interstate commerce is irrelevant.  Congress can regulate purely intrastate possession of this type of material in an effort to combat the activity as a whole, i.e. the possession of child pornography.  Even if the defendant's possession of the photographs was non-commercial and intrastate, it is, nonetheless, an activity that Congress has determined is prohibited, regardless of the defendant's subjective intent.

---

[2] Notably, the defendant does not contest that the person in the photograph was a minor at the time the photographs were taken, but rather that the age of the person is not readily apparent from the photographs.

Accordingly, the Court **FINDS** that the charges related to the defendant's alleged possession of child pornography are not subject to dismissal under any theory advanced by the defendant and the motion to dismiss Counts 3 and 4 is **DENIED** on all grounds raised.

**IT IS SO ORDERED.**

**DATED: October 2, 2006.**

                                        **s/ WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**