IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 06-30049-WDS** |
| | ) | |
| **GARY PEEL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss, as multiplicitous, Count 1 of the indictment (Doc. 32), to which the government has filed a response (Doc. 33). In the motion, the defendant asserts that Count 1 is multiplicitous of Count 2. Count 1 charges him with violating 18 U.S.C. § 152(6) which provides that anyone who "knowingly and fraudulently gives, offers, receives, or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof for acting or forbearing to act in any case under Title 11." Count 2 charges the defendant with violating 18 U.S.C. §1512(c)(2), which provides, in pertinent part:

>  (c) whoever corruptly–
>   (1) alters, destroys, mutilates, or conceals a record, document,
>   or other object, or attempts to do so, with the intent to impair
>   the object's integrity or availability for use in an official
>   proceeding; or
>   (2) otherwise obstructs, influences or impedes any official
>   proceeding, or attempts to do so,
>  shall be fined under this tittle or imprisoned not more than 20 years, or
>  both.

Defendant asserts that "official proceeding" in § 1512 includes bankruptcy proceedings, therefore, the defendant cannot be criminally liable under the government's theory of the case for the bankruptcy fraud in Count 1, without also being guilty of obstruction of justice under Count 2.

Having more than one conviction for the same criminal act violates the Double Jeopardy Clause of the Fifth Amendment. *Schiro v. Farley*, 510 U.S. 222, 229 (1994). The Supreme Court held in *Missouri v. Hunter*, 459 U.S. 359, 368(1982), that where "a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger* [*v. United States,* 284 U.S. 299, 304 (1932)], a court's task of statutory construction is at an end and the prosecutor may seek, and the trial court or jury may impose, cumulative punishment under such statutes in a single trial."

The test for multiplicitous counts is the traditional one from *Blockburger. See United States v. Dixon*, 509 U.S. 688, 696 (1993). The Seventh Circuit has held that: "The same actions can constitute an offense under two distinct statutes and can be prosecuted separately under each statute as long as the statutes do not define a single offense within the meaning of *Blockburger*." *United States v. Hatchett*, 245 F.3d 625, 642 (7th Cir. 2001). To overcome the *Blockburger* hurdle, the two offenses each must require proof of an element that the other does not. *Dixon*, 509 U.S. at 696; *United States v. Curtis*, 324 F.3d 501, 508 (7th Cir. 2003).

A. Same Elements Test

Under *Hatchett*, the "same elements" test set forth in *Blockburger* is "the one and only test that courts are to apply in considering whether a defendant may be prosecuted or punished twice based on a single act or transaction." 245 F.3d at 631. The elements of the charge of Bankruptcy fraud, under 18 U.S.C. § 152(6) are:

> First, a bankruptcy proceeding existed under Title 11; and
>
> Second, the defendant [gave; offered; received; attempted to obtain] [money; property; remuneration; compensation; reward; advantage or promise thereof] for [acting; failing to act] in such bankruptcy proceeding; and

Third, the defendant acted knowingly and fraudulently. 7th Circuit Pattern Instruction p. 138. Therefore, the government must establish, for purposes of Count 1, that the defendant attempted to bribe his ex-wife when he offered her the photographs for her to take an action, or fail to act, in the bankruptcy proceeding.

The elements of obstruction of justice under 18 U.S.C. § 1512(c)(2) (there is no 7th Circuit Pattern Instruction for this charge) require the government to prove that the defendant: 1) knowingly; 2) corruptly obstructed, influenced and impeded, or attempted to do so; 3) an official proceeding.[1]   To establish the charge in Count 2, therefore, the government must show that the defendant attempted to obstruct, influence or impede the bankruptcy proceeding.   Clearly these counts and the charges differ with respect to the elements which the government must prove against the defendant.

To the extent that the defendant attempts to claim that these are "lesser-included" offenses, the Court rejects that contention. Where proof of one offense necessarily requires proof that another offense occurred, rendering the latter a lesser included offense of the former, the two offenses are deemed to be the "same" for purposes of *Blockburger*. *See Rutledge v. United States*, 517 U.S. 292, 297 (1996) and *Brown v. Ohio*, 432 U.S. 161, 168-69 (1977).  In certain cases, the greater of the two offenses will, as *Blockburger* requires, involve  proof of an extra element not found in the other offense. But a lesser-included offense, by contrast, will require only proof of  that which is called for to convict on the greater charge.  Here, it is not,

---

[1] The current version of § 1512(c) became effective July 30, 2002, as part of the Sarbanes-Oxley Act of 2002. *See* Pub.L. No. 107-204, 116 Stat. 745 (2002). Essentially, as amended § 1512(c) created a specific subsection dealing with tampering of tangible evidence, in a statute that previously had dealt only with tampering relating to persons.

despite defendant's contentions, necessary to prove the crime of obstruction in order to establish the crime of bankruptcy fraud.

    B.    Same Evidence Test

Defendant asserts that under the "same evidence" line of cases, because the evidence involved in both Counts 1 and 2 would be the same, this court should dismiss Count 1. Unfortunately for the defendant's position, those cases which deal with same evidence issues and double jeopardy concerns apply that standard to a situation where a single conspiracy is divided into multiple charges. *See eg., United States v. Powell,* 894 F.2d 895 (7th Cir. 1990); *United States v. Dortch*, 5 F.3d 1056 (7th Cir. 1993); *United States v. Adkins*, 274 F.3d 444 (7th Cir. 2001). Given that there is no conspiracy charged here, the "same evidence" line of cases, and issues are not present. Therefore, there is no basis for dismissing Count 1 based on "same evidence" standard.

    C.    Same Consequences Test

Defendant also asserts that under the recent Seventh Circuit case of *United States v. McCarter*, 406 F.3d 460 (7th Cir. 2005), Count 1 is multiplicitious of Count 2 because the consequences of the acts charged in Counts 1 and 2 are the same. Defendant asserts that the bankruptcy fraud alleged in Count 1 would always result in an obstruction of justice charge, as in Count 2. However, the Court **FINDS** that the ruling in *McCarter* offers little to defendant. In *McCarter*, the Seventh Circuit noted that the Hobbs Act and the bank-robbery statute both were designed to punish attempted bank robbery. *Id.* at 463. The court noted that there is a "'component of double jeopardy protection' applicable to multiple sentences imposed in the same criminal proceeding, although it is a limited component. . . ." *Id.* (*quoting Ohio v. Johnson*,

467 U.S. 493, 499 (1984).  The court found "[b]ecause every bank robbery is also a Hobbs Act violation and the maxium punishments are the same, it is unlikely that Congress wanted to allow the government to try to obtain a longer sentence . . . just by charging a bank robber under the Hobbs Act as well as under the bank-robbery statute." *Id.* at 463.

In this case, it is not correct to say that *every* bankruptcy fraud is also an obstruction of justice case, nor is it correct to say that *every* obstruction of justice case amounts to bankruptcy fraud.   Unlike *McCarter,* here "the consequences of the act" are not always the same. *Id.* Therefore, the Court **FINDS** that under the "same consequences" test defendant has not established that these charges are violative of double jeopardy.

## CONCLUSION

Simply put, the Court **FINDS** no double jeopardy, due process or multiplicity issues are raised by the offenses charged in Counts 1 and 2 of the indictment, and **DENIES** defendant's motion to dismiss Count 1 on all grounds raised.

**IT IS SO ORDERED.**

**DATED: October 2, 2006.**

                                            **s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**