IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-30049-WDS |
| | ) | |
| GARY PEEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is the government's motion for a hearing pursuant to *Daubert v. Merrill Dow Pharm., Inc.* 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) to determine whether the testimony of a proposed defense expert is relevant and reliable (Doc. 48). The defendant seeks to admit the testimony of Thomas L. Hoops, a certified public accountant and certified valuation analyst, to offer his opinion, as an expert, as to the value of the estates of Gary Peel and his ex-wife, as well as the value of certain assets, had those assets been distributed in accordance with several settlement proposals between the defendant and his ex-wife. The defendant has filed a response in opposition to the government's request for a *Daubert* hearing, asserting that a hearing is unnecessary and would require unnecessary additional expense in this matter (Doc. 52), to which the government has filed a reply (Doc. 55). The defendant has filed an affidavit of his expert, Hoops, in support of his opposition to a *Daubert* hearing (Doc. 56).

The defendant asserts that the financial analysis of Hoops will be used as foundational evidence only and that Hoops will not offer any opinion within the parameters of Rule 704, but that he will simply lay out the foundational support of evidence supplied by other defense witnesses. In response, the government asserts, again, that the testimony of this witness would

have no relevance to any issue at trial, because although Hoops may be qualified as an expert in the field of accounting, his testimony is not relevant to the charges in the indictment.

The defendant, Gary Peel, is charged by the Grand Jury in a four-count indictment: Count 1 charges bankruptcy fraud, Count 2 charges obstruction of justice and Counts 3 & 4 charge possession of child pornography.  The indictment alleges that in 1974 the defendant took sexually explicit photographs of his then-wife's sixteen year old sister, and retained those photographs.  In November of 2003, Peel and his wife divorced and entered into a settlement under which the defendant had to meet certain financial obligations to his ex-wife.  In July of 2005, Peel filed for bankruptcy, and sought discharge of financial obligations to his ex-wife who was listed as a creditor.  His ex-wife opposed the discharge and the defendant is alleged, on January 20, 2006, to have telephoned his ex-wife and revealed that he had had a sexual relationship with her sister during their marriage and had taken pictures of her. He is alleged to have told his ex-wife that copies of the pictures were in her mailbox and that if she did not agree to the discharge he would mail the pictures to his ex-wife's parents.

ANALYSIS

The Seventh Circuit has held, "[u]nder *Daubert* [*v. Merrill Dow Pharm., Inc.* 509 U.S. 579 (1993)] and Federal Rule of Evidence 702, '[a]n expert must offer good reason to think that this approach produces an accurate estimate using professional methods, and this estimate must be testable.'" *Durkin v. Equifax Check Servs., Inc.,* 406 F.3d 410, 421 (7th Cir. 2005) (*quoting Zenith Elecs. Corp. v. WH-TV Broad. Corp,* 395 F.3d 416, 419 (7th Cir. 2005)).  Rule 702 permits a witness whose knowledge, skill, experience, training, or education has afforded him expertise in a particular field to testify at trial, giving  an opinion regarding one or more issues in

the case, provided that "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The district court's role is to function as a "gatekeeper with respect to testimony proffered under Rule 702 to ensure that the testimony is sufficiently reliable to qualify for admission." *Mihailovich v. Laatsch*, 359 F.3d 892, 918 (7th Cir. 2004) (*citing See Kumho Tire Co.*, 526 U.S. at 147).

Further:

> The Supreme Court in *Daubert* identified five criteria that bear on that assessment, including whether the theoretical framework or technique underlying the witness's testimony (1) is subject to verification through testing, (2) whether it has been subjected to peer review and publication, (3) what its known or potential rate of error is, (4) whether there are standards controlling its application, and (5) whether it is generally accepted within the relevant expert community.

359 F.3d at 918 (*citing Daubert,* 509 U.S. at 593-94). "[T]his list is neither definitive nor exhaustive, but rather flexible to account for the various types of potentially appropriate expert testimony." *Deputy v. Lehman Bros., Inc.,* 345 F.3d 494, 505 (7th Cir.2003), (*citing Kumho Tire Co.,* 526 U.S. at 141).

The court, in *Tuf Racing Prod. v. Am. Suzuki Motor*, 223 F.3d 585 (7th Cir. 2000) held that "[a]nyone with relevant expertise enabling him to offer responsible opinion testimony helpful to judge or jury may qualify as an expert witness." *Id.* at 591. Further, "The principle of *Daubert* is merely that if an expert witness is to offer an opinion based on science, it must be real science, not junk science." *Id.* Here, as an accountant, Hoops testimony must, nevertheless, be based on the "independent admissibility of the financial information" on which his testimony and conclusions are based. The Court rejects defendant's contention that accountants' testimonies

3

are not subject to *Daubert* review.  *See, eg. Loeffel Steel Prods. v. Delta Brands, Inc.,* 387 F. Supp.2d 794, 826-27 (N.D. Ill. 2005).  "The *Daubert* standard applies to all expert testimony, whether it relates to areas of traditional scientific competence or whether it is founded on engineering principles or other technical or specialized expertise." *Smith v. Ford Motor Co.,* 215 F.3d 713, 719 (7th Cir. 2000).

In addition, the Court must determine whether the expert's testimony is relevant.  *Id.*  It is simply unclear to the Court to what claim or defense Hoop's testimony is related. The basis offered by the defendant is that it somehow is geared to supply foundational facts for other defense witnesses.  The Court has reviewed the sealed submission of the government, which includes the Expert's Report of Hoops, the CV of Hoops and a summary chart of proposed settlement agreements.

In his report, Hoops concludes that Deborah J. Peel received in excess of fifty percent of the marital assets as part of the Marital Settlement Agreement.  It is simply unclear to the Court how this is relevant to the bankruptcy fraud and possession of child pornography charges in this case.  Accordingly, the Court **FINDS** that the previously scheduled *Daubert* hearing is necessary in this case and **GRANTS** the government's motion for hearing.  Defendant's motion in opposition to a *Daubert* hearing is **DENIED.**

    **IT IS SO ORDERED.**

    **DATED: January 31, 2007.**


    **s/ WILLIAM D. STIEHL**
    **DISTRICT JUDGE**