IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-30049-WDS |
| | ) | |
| GARY PEEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court after a hearing pursuant to *Daubert v. Merrill Dow Pharm., Inc.* 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) to determine whether the testimony of a proposed defense expert, Thomas L. Hoops, is relevant and reliable. The Court had previously held that it could not determine how the testimony of this witness would be relevant to the bankruptcy fraud and possession of child pornography charges in this case (See. Doc. 60).

The defendant, Gary Peel, is charged by the Grand Jury in a four-count indictment with bankruptcy fraud and possession of child pornography charges. The indictment alleges that in 1974 the defendant took sexually explicit photographs of the sister of his then wife. The subject of the photograph was, at the time, sixteen years old. The defendant allegedly kept those photographs, and on January 20, 2006, attempted to blackmail his ex-wife with the photographs to get her to go along with a bankruptcy fraud scheme. In July of 2005, Peel filed for bankruptcy, seeking discharge of his financial obligations. His bankruptcy involved, in part, the attempted discharge of a November of 2003 divorce settlement entered into between the defendant and his ex-wife. That settlement obligated the defendant to meet certain financial obligations to his ex-wife. His ex-wife opposed the discharge and the defendant is alleged to

have then threatened to send the sexually explicit photographs to his ex-wife's parents if she refused to go along with the discharge.

At the *Daubert* hearing, the defendant sought to delay the Court's determination of the expert's qualifications under *Daubert* on the grounds that the expert's testimony will be linked to the defendant's testimony, and the defendant has not yet determined if he will testify. He asserts that the decision about whether to testify or not cannot be made until the defense teams assesses the testimony of the government's witnesses. In addition, the defendant asserts that forcing him to disclose the nature of the expert's testimony at this juncture of the proceedings would cause him to have to disclose defense strategy.

The defendant has suggested that his counsel present to the Court *in camera* the anticipated testimony of the defendant and how the expert's testimony would be relevant. The government has objected on the grounds that an *ex parte* submission, and a determination by the Court of the relevance of the expert's testimony without disclosure of the information to the government puts it in the position of not knowing what kind of rebuttal expert witness to prepare for trial.[1] And, given the time-table of the defendant's proposed determination of his decision to use the expert, the government will not know the nature of the defense expert's testimony until the midst of trial, which would make it nearly impossible to find, interview and secure a rebuttal witness.

---

[1] At the hearing, the government identified possible rebuttal experts whom it might be required to call, depending on the nature of Hoops' testimony: a CPA; an expert on future stock value of small high-tech medical software companies; an evaluation expert regarding the value of the marital settlement and the proposals between the defendant and his former wife, including possible impropriety of medical tax deductions taken by Peel's former wife; and, an expert on Illinois marital disposition of property, specifically on the value of property division and support payments, including the equity of various proposals between the two.

The defendant has submitted the affidavit of Hoops (Doc. 56) his report, his curriculum vitae, and a prepared chart showing the flow of money.

## ANALYSIS

The Seventh Circuit has held, "[u]nder *Daubert* [*v. Merrill Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993)] and Federal Rule of Evidence 702, '[a]n expert must offer good reason to think that this approach produces an accurate estimate using professional methods, and this estimate must be testable.'" *Durkin v. Equifax Check Servs., Inc.,* 406 F.3d 410, 421 (7th Cir. 2005) (*quoting Zenith Elecs. Corp. v. WH-TV Broad. Corp,* 395 F.3d 416, 419 (7th Cir. 2005)).

Rule 702 permits a witness whose knowledge, skill, experience, training, or education has afforded him expertise in a particular field to testify at trial, including the giving of his opinion regarding one or more issues in the case. The district court's role is to function as a "gatekeeper with respect to testimony proffered under Rule 702 to ensure that the testimony is sufficiently reliable to qualify for admission." *Mihailovich v. Laatsch*, 359 F.3d 892, 918 (7th Cir. 2004) (*citing See Kumho Tire Co.*, 526 U.S. at 147). This admissibility of the expert's testimony is conditioned, however, upon the finding that:"(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

The Seventh Circuit noted in *Mihailovich* that:

> The Supreme Court in *Daubert* identified five criteria that bear on that assessment, including whether the theoretical framework or technique underlying the witness's testimony (1) is subject to verification through testing, (2) whether it has been subjected to peer review and publication, (3) what its known or potential rate of error is, (4) whether there are standards controlling its application,

    and (5) whether it is generally accepted within the relevant expert
    community.

359 F.3d at 918 (*citing Daubert,* 509 U.S. at 593-94).   "[T]his list is neither definitive nor exhaustive, but rather flexible to account for the various types of potentially appropriate expert testimony." *Deputy v. Lehman Bros., Inc.,* 345 F.3d 494, 505 (7th Cir.2003), (*citing Kumho Tire Co.,* 526 U.S. at 141).

  The court, in *Tuf Racing Prod. v. Am. Suzuki Motor*, 223 F.3d 585 (7th Cir. 2000) held that: "The principle of *Daubert* is merely that if an expert witness is to offer an opinion based on science, it must be real science, not junk science." *Id.* at 591.   As the Court has previously noted, for Hoops' testimony to be admitted it must be based on the "independent admissibility of the financial information" on which his testimony and conclusions are based.

  *Daubert* applies both to defense and government experts. *See United States v. Crotteau*, 218 F.3d 826, 831 (7th Cir. 2000) (where the court affirmed the trial court's rejection of defendant's psychology expert who was to testify on reliability of eyewitness identification); *United States v. Hall*, 165 F.3d 1095, 1104 (7th Cir. 1999) (defense eyewitness identification expert rejected); *United States v. Vitek Supply Co.*, 144 F.3d 476, 486 (7th Cir. 1998) (defense challenge to expert testing methodology rejected).   The sticking point in this case is, as the Court noted at the *Daubert* hearing, whether the expert's testimony is even relevant. *Tuf Racing Prod.,* 223 F.3d at 591.   Moreover, the government is entitled, under the provisions of the Rules of Evidence, as well as under the principles of *Daubert,* to contest the relevance of this expert's testimony, and to rebut that testimony at trial with its own expert witness.   Although the Court is well aware of its ability to review relevance issues *in camera*, the Court **FINDS** that in this case, and given the nature of this witness, such a review would not adequately provide the government an opportunity to prepare a rebuttal witness, if it so chooses.   Speculation and guesswork as to

4

the nature of an expert's testimony are exactly those things that *Daubert* and *Kuomo Tire* sought to eliminate from the presentation of such testimony.

The Court, therefore, will require the defendant to provide the government a written summary of the testimony he expects Hoops to provide, including any conclusions Hoops may be called upon to make at trial. The Court **FINDS** that such a summary is reasonable under Fed. R. Crim. P. 16, "which requires a defendant to provide at the Government's request a written summary of all expert testimony he plans to use at trial when the Government has complied with a similar request by the defendant. . . ." *United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003). The defendant shall provided this information to the government within four (4) days of the date of this Order. After receiving this information, the government may then determine if it desires to challenge the relevance of this testimony with a motion in limine, and/or seek a rebuttal expert.

**IT IS SO ORDERED.**

**DATED: March 1, 2007.**

                                          **s/ WILLIAM D. STIEHL**
                                             **DISTRICT JUDGE**