IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-CR-30049-WDS |
| | ) | |
| GARY E. PEEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to reconsider (Doc. 141) the Court's ruling granting the government's motion for detention pending sentencing. The government has filed a response to defendant's motion (Doc. 142), and the defendant a reply (Doc. 143). The defendant asks the Court to reconsider its ruling of March 28, 2007, where the Court held that in light of his convictions in Counts 3 and 4 of the Indictment for possession of child pornography, the defendant had to be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

The defendant asserts that although § 3143 mandates detention in this case, 18 U.S.C. § 3145 gives the Court the discretion to allow the defendant to remain on bond pending sentencing. The defendant, in part, bases his motion for reconsideration on his belief that the Court did not consider § 3145 in its ruling of March 28, 2007, which is incorrect. Although the Court may not have specifically mentioned § 3145, it did consider the application of that statute to the request for detention pending sentencing.

A brief review of the critical statutory language is warranted for the sake of clarity. Section 3143 provides, in pertinent part:

(a) **Release or detention pending sentence.**—(1)

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of  sentence. . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. . . .
>   (2)  The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection  (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or  pose a danger to any other person or the community.

Applying the plain language of this statute, before the Court can even consider the issues of flight risk, or danger to any other person or to the community, the Court must first find either that it is likely to grant a motion for acquittal or for a new trial,  or that the government will not be recommending a term of imprisonment for the defendant.   The Court has previously found that it is not likely to grant a new trial or a motion for an acquittal, and the record reveals that the government has repeatedly stated its intention to seek a term of imprisonment for the defendant.

Despite the mandatory language of § 3143, the defendant contends that the provisions of § 3145(c) nonetheless allow the Court to permit the defendant to remain on bond if there are "exceptional circumstances" which exist.  The critical language of § 3145 is:

> (c)  **Appeal from a release or detention order.**—An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is

> governed by the provisions of section 1291 of title 28 and section 3731 of this title [title 18]. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The defendant asserts that although this section is entitled "appeal from a release or detention order," the Seventh Circuit has held that the court which entered the detention order may consider release issues under this statute. *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992). The defendant further contends that the threshold requirements for release under § 3145 are the same as those under § 3143(a)(1) or (b)(1), that is, clear and convincing evidence that the defendant is not a flight risk or a danger to any other person or to the community, and that once these are established, then the Court can consider the question of the existence of "exceptional circumstances."

### 1.   Standard Rules of Statutory Construction

Before reaching the defendant's assertions that exceptional circumstances exist in this case, the Court notes that the provisions of § 3145 appear to be in conflict with the mandatory detention language of § 3143(a)(2). Section 3145(c) specifically directs the Court to consider whether "a person subject to detention pursuant to section 3143(a)(2)" meets the conditions of release as "set forth in section 3143(a)(1)." However, the plain language of § 3143(a)(1), found in the first sentence of that section, is "Except as provided in paragraph (2)," meaning, that if a defendant is, in fact, subject to the provisions of paragraph (2), as the defendant is in this case, then § 3143(a)(1) standing alone does not apply to that defendant.

The primary rule for statutory construction is that "a more specific provision takes

precedence over a more general provision."  *Harrell v. U.S. Postal Service*, 445 F.3d 913, 925 (7th Cir.) *cert. denied*, 127 S. Ct. 845 (2006) (*quoting United States v. Salerno*, 108 F.3d 730, 737 (7th Cir. 1997)).  Moreover,  "It is a common rule of statutory construction that when the plain language of a statute is clear, courts need look no farther than those words in interpreting the statute." *Gildon v. Bowen,* 384 F.3d 883, 886 (7th Cir.2004) (*quoting Estate of Cowser v. Commissioner,* 736 F.2d 1168, 1171 (7th Cir.1984)); *Cler v. Illinois Educ. Ass'n.* 423 F.3d 726, 730 (7th Cir. 2005).   Here, the plain language of § 3143(a)(2), the specific statute,  is that when a defendant has been convicted of a specific crime, as indicated in the statute (including the possession of child pornography in violation of 18 U.S.C. § 2252A) that defendant is to be detained pending sentencing.   This requirement for detention specifically applies to the defendant because of his convictions on Counts 3 and 4.

### 2. Whether Relief from Mandatory Detention is Available to the Defendant under § 3145(c)

Applying the language of the Seventh Circuit in *Herrera-Soto* to this case, it appears that § 3145 may offer a narrow "avenue of relief, " 961 F.2d at 647,  from the mandatory detention provisions of § 3143(a)(2), but only if the defendant can first meet several threshold requirements.  Once those threshold requirements have been satisfied, then he must establish that his case also presents "exceptional circumstances," 961 F.2d at 647.   The court in *Herrera-Soto* noted that:

> The "exceptional reason" provision § 3145(c) was
> added to the Bail Reform Act along with the
> amendment providing for mandatory detention in
> certain circumstances.  It was therefore included as an

> avenue of relief from the mandatory detention
> provisions [including section 3142(a)(2) or (b)(2)],
> *United States v. Carr*, 947 F.2d 1239, 140 (5th Cir.
> 1991), which in turn constitute a portion of the general
> provisions for release pending appeal.

961 F.2d at 647 (internal citations omitted).

### A.   Threshold Requirements

In order to be entitled to relief from mandatory detention, the defendant must first "meet several threshold conditions, as well as show 'exceptional reasons' why detention pending appeal [is] appropriate." 961 F.2d at 946.  In this case, the Court **FINDS** by clear and convincing evidence that the defendant is neither a flight risk nor a danger to another person or to the community.

### B.   Existence of "Exceptional Circumstances"

Although the defendant has met the threshold showings of § 3145(c), the Court **FINDS,** nonetheless, that he has failed to establish that "exceptional circumstances" exist in his case which would warrant his release pending sentencing.   The Seventh Circuit has defined exceptional circumstances as "a unique combination of circumstances giving rise to situations that are out of the ordinary." *Herrera-Soto,* 961 F.2d at 647 (*quoting United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). In the present case, the circumstances offered by the defendant as reasons why he should not be detained, are simply are not "exceptional" or novel.

Defendant asserts that the exceptional circumstances that exist are:  that the defendant is unlikely to engage in recidivist behavior relating to the charge in this case, specifically the possession of child pornography and that there is no evidence that he engaged, at any time, in any other sexual acts involving minors; that the publicity this case has received will likely

5

subject him to some harm from other inmates while detained pending sentencing; and that the defendant has substantial grounds for appeal, specifically the Court's jury instruction concerning the subjective intentions of the defendant.

Applying the *Herrera-Soto* definition of exceptional circumstances, "a unique combination of circumstances giving rise to situations that are out of the ordinary," the Court **FINDS** that the latter two of defendant's contentions simply do not rise to the level of exceptional. The defendant's concerns with respect to possible harm from other inmates while detained pending sentencing can adequately be addressed by the United States Marshals Service, which will have custody of the defendant until the time of his transfer to the Bureau of Prisons. The Court notes that at the March 28th hearing, it specifically requested that the United States Marshal address the defendant's safety concerns while in the custody of the Marshals Service.

The defendant's assertion that the Court erred when it refused defendant's jury instruction directed to his subjective intent with respect to the possession and use of the child pornography also carries little weight. After reviewing the record, and the arguments presented, the Court remains persuaded that the jury was properly instructed in this case, and that under applicable Seventh Circuit law the defendant's proposed instruction was not appropriate.

With respect to defendant's claim that he is not likely to engage in recidivist activity if allowed to remain on release pending sentencing, the Court finds that this still does not amount to a circumstance that is "exceptional" or even out of the ordinary. Although the record is clear that the defendant did not possess a cache of child pornography, nor was there any evidence that he engaged in sexual acts with minors after the events which led to the taking of the photographs, nor that his possession of child pornography was part of a commercial venture, he

nonetheless, in this case, used the child pornography in his possession in an attempt to gain an unfair, illegal advantage in ongoing court proceedings, and to compel his former wife to acquiesce to altering the terms of their divorce settlement..  The fact that the photographs he used in this manner were taken more than thirty years ago is neither relevant to his conviction for possession of child pornography, nor is it a compelling factor in this Court's determination of the "exceptional" nature of the circumstances presented by this case.  The Court simply cannot ignore the fact that the defendant is an attorney, and therefore, an officer of the court.  His use of the child pornography in this case was specifically designed to mislead the bankruptcy court, and to obfuscate and obstruct the proper progress of ongoing judicial proceedings.

## CONCLUSION

The Court has reconsidered its prior ruling concerning the detention of the defendant pending sentencing.  The Court **FINDS** that although it has the discretion to allow the defendant to be released pending sentencing pursuant to the provisions of § 3145, the Court **FURTHER FINDS** that the defendant has failed to show that "exceptional circumstances" are present which would warrant his release pending sentencing.

Therefore, the Court **DENIES** defendant's motion for reconsideration on all grounds.  The Court **HEREBY STAYS** execution of its Order of detention until Noon Monday, April 9, 2007, at which time the defendant is **DIRECTED** to report to the United States Marshals Service at the United States Courthouse.

**IT IS SO ORDERED.**

**DATED: April 3, 2007.**

                  **s/ WILLIAM D. STIEHL**
                    **DISTRICT JUDGE**