IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|       Plaintiff, | |
| vs. | Case No. 06-CR-30049-SMY |
| GARY E. PEEL, | |
|       Defendant. | |

**ORDER**

Before the Court is Defendant's Motion to Set Aside Amended Judgment in a Criminal Case for Fraud Upon the Court (Doc. 252). Defendant asserts that, pursuant to Federal Rule of Civil Procedure 60(d)(3), his 2011 criminal judgment should be set aside because his conviction for bankruptcy fraud "was procured by a fraud committed by Attorney Donald W. Urban (now deceased) in the United States Bankruptcy Court… and then perpetuated in Movant's criminal trial by two other lawyers…." (Doc. 252, p. 3). Defendant further asserts that Urban's claim of $2,800,000 was not only fraud upon the court, but was also a felony under 18 U.S.C. § 152(4). *Id* at p. 6. Defendant contends that he was "so victimized" by the false claim that his criminal proceedings were too "tainted and impugned" for his judgment to stand. *Id.* For the reasons that follow, Defendant's motion is **DENIED**.

An overview of the procedural history of this case is appropriate. Following Defendant's jury trial and guilty verdicts in 2007, he was sentenced to 144 months in prison— 60 months for bankruptcy fraud, 144 months for obstruction of justice and 120 months for possession of child pornography, with all sentences to run concurrently. The Court denied Defendant's motion for new trial (Doc. 162) and Defendant appealed both the conviction and the sentence (Doc. 186).

The Court of Appeals remanded the case and left to the discretion of the district judge whether to discount the future monetary loss (described in detail at Doc. 213-2, pp. 16-18) and "how best to weigh that determination in deciding an appropriate sentence." (Doc. 213-2, p. 19). The Seventh Circuit also found error in adding other claims of the bankruptcy proceeding in calculating the sentencing range and remanded for a redetermination of the guideline range and to resentence the defendant. *Id* at pp. 19-21.

Accordingly, on remand, Judge William Stiehl held a re-sentencing hearing and entered the amended judgment at issue on August 1, 2011 (Doc. 228). At re-sentencing, Judge Stiehl vacated altogether the sentence for obstruction of justice, re-imposed the maximum sentence for the child pornography counts and reduced the sentence for bankruptcy fraud to 24 months to run consecutively to the sentence for child pornography (see Doc. 237-2, p. 3). The new sentence totaled again to 144 months. Defendant again appealed and challenged only the conviction and sentence on the child pornography counts. The new sentence was affirmed on direct appeal on February 28, 2012 (Doc. 237).

Rule 60(d)(3) allows a court to "set aside a judgment for fraud on the court." The alleged fraud must be "directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents ... It is [ ] fraud where ... the impartial functions of the court have been directly corrupted." *Robinson v. Audi Aktiengesellschaft,* 56 F.3d 1259, 1266 (10th Cir.1995) (quotation omitted). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir.1978). Further, the movant must show an "unconscionable plan or scheme" to improperly influence the court's decision. *Id*. "Conclusory averments of the existence of fraud made on

2

information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Booker v. Dugger,* 825 F.2d 281, 283–84 (11th Cir.1987) (quoting *De Vito v. Fidelity & Deposit Co. Of Maryland,* 361 F.2d 936, 937 (7th Cir.1966)).

Here, Defendant has failed to provide a statement of clear, probative facts or to present evidence that would raise an issue as to the existence of fraud.  Defendant argues that it has now been established "that the ONLY basis for Movant's bankruptcy fraud conviction was <u>FALSE ab initio</u> and was procured by a fraud committed by Attorney Donald W. Urban…." (Doc. 252, p. 3) (emphasis in original).  He characterizes Attorney Urban's claim of $2,800,000 in the bankruptcy proceedings as "later determined to be false." (Doc. 252, p. 4).  However, he proffers no facts tending to show that a reduction of the bankruptcy claim to $144,055.63 was due to fraud upon the court.  Further, none of the exhibits submitted by Defendant are sufficient to raise the issue of fraud.  As such, Defendant's Motion to Set Aside Amended Judgment is denied.

**IT IS SO ORDERED.**

**DATE: August 15, 2016**

s/   *Staci M. Yandle*
**STACI M. YANDLE**
**DISTRICT JUDGE**
