IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-cr-30049-SMY |
| | ) |
| GARY PEEL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Gary Peel served a 12-year prison sentenced followed by a 3-year term of supervised release for bankruptcy fraud and possession of child pornography. This matter is now before the Court for consideration of Peel's "Motion for Writ of Error under the All Writs Act" (Doc. 272). Peel seeks complete exoneration and to have his convictions vacated. For the following reasons, the Motion is **DENIED**[1].

### Procedural Background

Following a jury trial and guilty verdicts in 2007, Peel was sentenced to 144 months imprisonment – 60 months for bankruptcy fraud, 144 months for obstruction of justice, and 120 months for possession of child pornography, with all sentences to run concurrently. A first direct appeal led to vacatur of the obstruction count and resentencing. *United States v. Peel*, 595 F.3d 763 (7th Cir. 2010). On remand after direct appeal, this Court dismissed the conviction for obstruction of justice, recalculated the amount of the intended loss relevant to the bankruptcy fraud, recalculated the applicable guidelines sentencing range, and resentenced Peel to 144 months

---

[1] Peel filed a Motion for Dispositive Ruling on May 2, 2022, requesting a ruling on his pending Motion for Writ of Error (Doc. 277). The Motion is **TERMINATED** as **MOOT**.

(which included consecutive sentences of 24 months for bankruptcy fraud and 102 months for possession of child pornography). The Seventh Circuit affirmed in a second direct appeal. *United States v. Peel*, 668 F.3d 506 (7th Cir. 2012).

In both his first and second appeals, Peel contested the criminality of his possession of the nude photographs of the then 16-year-old minor. The Seventh Circuit rejected his contention that the photos should not be characterized as child pornography in 2005-2006 because at the time he took them in 1974, the statute under which he was convicted had not yet been enacted and the photos were not illegal when they were taken. The child pornography statute was amended in 1984 to provide that a minor under age 18 was a "child," thus criminalizing Peel's possession of the photos when he was charged and convicted. Noting that Peel had forfeited this argument because he did not raise it at trial, the Seventh Circuit nevertheless addressed the merits and rejected Peel's argument that his possession of the originally legal pictures should be "grandfathered" and that he should not be subject to prosecution under the amended version of the statute. *Peel*, 668 F.3d at 509 (citing *Peel*, 595 F.3d at 770).

In the second appeal, Peel also argued that his punishment for illegally possessing child pornography that was legal when he created it violated the First Amendment's free speech clause and the *Ex Post Facto* clause of Article I of the Constitution. *Peel*, 668 F.3d at 510. The Seventh Circuit found both arguments frivolous and noted that Peel forfeited the arguments because he failed to raise them in his first appeal.

In August 2011 Peel moved to vacate the judgment under 28 U.S.C. § 2255. Among his claims, Peel argued that insufficient evidence existed to support his bankruptcy fraud conviction and the sixteen-level loss enhancement assessed under the sentencing guidelines. *See Peel v. United States*, 11-cv-660-WDS, at Doc. 1. He also asserted that his defense team was ineffective

for failing to offer critical testimony and evidence to contradict the prosecution's "blackmail" motivation theory. *Id.* This Court denied Peel's claims for relief.

Peel filed a second habeas petition pursuant to 28 U.S.C. § 2255 in March 2012, in which he asserted that he sought to protect the minor's First Amendment right to pose for sexually explicit photographs at age sixteen. *Peel v. United States*, 12-cv-275-WDS, at Doc. 1, 1-1. He also reasserted his claim that his defense attorneys were ineffective in failing to offer critical testimony and evidence to contradict the prosecution's "blackmail" motivation theory. *Id.* Each of Peel's claims were considered by this Court and found to be groundless; his request for habeas relief was denied, and the Court declined to issue a certificate of appealability. On appeal, the Seventh Circuit combined Peel's claims and denied his motions to recall the mandate filed in appellate cases 07-3933, 11-2776, and 13-2124. *Peel v. United States*, 13-2124, Doc. 14. Peel's request for hearing en banc was also denied. *Peel v. United States*, 13-2124, Doc. 16. In February 2014, the United States Supreme Court denied Peel's Petition for Writ of Certiorari. *Peel v. United States*, 13-2124, Doc. 19.

In 2014, while incarcerated in Kentucky, Peel filed a habeas corpus petition in the United States District Court for the Eastern District of Kentucky. *Peel v. Sepanek*, Case No. 14-cv-77, 2014 WL 3611151 (E.D. Ky. July 21, 2014). He argued that the child pornography statute (18 U.S.C. § 2252A(a)(5)(B)) violates the Equal Protection Clause, the Due Process Clause, the *Ex Post Facto* Clause, and the Eighth Amendment, and that he should have been sentenced under a lower guidelines range based on newly discovered evidence that established a lower value for the photographs he had possessed. *Peel,* 2014 WL 3611151, at *2. That court denied Peel's request for habeas relief, finding that his claims could have been brought on direct appeal or in his initial § 2255 challenge, and as such, they did not fall within the narrow scope of the "savings clause"

found at 28 U.S.C. § 2255(e) and could not be brought under § 2241. *Peel,* 2014 WL 3611151, at *3.

Next, in October 2015, Peel filed an emergency motion in the Seventh Circuit seeking immediate release from custody, or in the alternative, permission to file a successive § 2255 petition to challenge the calculation of his intended loss. *Peel v. United States*, 15-3269, Doc. 1, p. 1, (7th Cir. 2015). Peel argued that the facts relied upon by the sentencing court were "premised on erroneous information and [goes] to the heart of whether said sentence falls outside the range recommended by the 2007 United States Sentencing Guidelines." *Peel v. United States*,15-3269, Doc. 1, p. 4, (7th Cir. 2015). The Seventh Circuit denied Peel's request and his request for rehearing, noting that he had previously challenged the intended loss calculation – both on direct appeal and in his first § 2255 petition. *Peel v. United States*, 15-3269, Docs. 2, 3 (7th Cir. 2015).

In April 2016, the Seventh Circuit considered and denied Peel's Application filed pursuant to 28 U.S.C. 2244(b)(3). *Peel v. United States*, 16-1665 (7th Cir. 2016). The Seventh Circuit found, "Peel proposes challenging his 2007 convictions for bankruptcy fraud and possession of child pornography. But the arguments Peel makes concerning his conviction for possession of child pornography are the same arguments that were rejected in his direct appeal." With respect to his bankruptcy fraud conviction, Peel argued that the "bankruptcy court's rejection of his ex-wife's claim undermines his fraud conviction." *Id.* However, the Seventh Circuit held that "the bankruptcy court's decision does not implicate Peel's innocence as required by § 2255(h)(1). Rather, the conviction is based on Peel's blackmailing of his ex-wife to get her to drop the bankruptcy claim before the bankruptcy court's ruling." *Id.*

Over the years, Peel has also filed several miscellaneous motions in this closed criminal case making the same or substantial similar arguments; all of which were denied. He also sought

habeas relief from the Supreme Court, again to no avail. *In re Peel*, 137 S. Ct. 1835 (2017). Most recently, he requested relief pursuant to 28 USC 2241 and 2255(e). *Peel v. Zarrick*, --WL--, 18-2731 (7th Cir. 2021). His appeal was again denied (*Peel v. Zarrick*, --WL--, 18-2731, Doc. 29, October 4, 2021), as was his Petition for Writ of Certiorari. *Peel v. Zarrick*, --WL--, 18-2731, Doc. 34, (7th Cir. 2021).

One month following the Supreme Court's latest denial, Peel filed the instant motion seeking exoneration under the common law writs coram nobis and audita querela. He argues that he is not guilty of bankruptcy fraud because his conviction was predicated upon "false" information; that he is not guilty of possessing child pornography because the minor was an adult; that his counsel were ineffective; and various *Brady* violations.

## Discussion

The writ of audita querela is a remedy for judgment debtors, *United States v. Kimberlin*, 675 F. 2d 866, 869 (7th Cir. 1982), and "has no apparent relevance to criminal sentences." *Melton v. United States*, 359 F. 3d 855, 856 (7th Cir. 2004). The writ cannot be used in place of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *United States v. Johnson*, 962 F. 2d 579, 582 (7th Cir. 1992).

Peel argues that he is entitled to a writ of audita querela because false evidence was utilized to procure his bankruptcy conviction and maintains that he has been procedurally barred from challenging this conviction on the merits by this Court, the appellate court, and the Supreme Court. This alleged false evidence – the revalued amount of his ex-wife's claim – has been presented and considered on the merits and rejected on several occasions; the most recent in *Peel v. Zarrick*, No. 18-2732, 2021 WL 3059765, at *1 (7th Cir. June 4, 2021), *cert. denied,* 142 S. Ct. 262, 211 L. Ed. 2d 121 (2021). This Court rejects Peel's latest repackaging of this exhausted argument.

A writ of coram nobis is a means to collaterally attack a criminal conviction based on alleged errors of law or fact that affect the fundamental character of the conviction, including inadequate counsel. *Chaidez v. United States*, 568 U.S. 342 (2013). A petition requesting such a writ is similar to a habeas corpus petition. It seeks the same type of relief, *United States v. Bonansinga*, 855 F.2d 476, 478 (7th Cir. 1988), but is available only when a defendant is no longer in custody and thus can no longer take advantage of habeas corpus relief. *Stanbridge v. Scott*, 791 F.3d 715, 720 n.3 (7th Cir. 2015). The writ of coram nobis is to be used only in "extraordinary cases presenting circumstances compelling its use to achieve justice," where alternative remedies are not available. *United States v. Denedo*, 556 U.S. 904, 911 (2009), citing *United States v. Morgan*, 346 U.S. 502, 511 (1954) (internal quotation marks omitted). A successful coram nobis petition must satisfy three prongs: (1) the error alleged is "of the most fundamental character" as to render the criminal conviction "invalid"; (2) there are "sound reasons" for the defendant's "failure to seek earlier relief"; and (3) "the defendant continues to suffer from his conviction even though he is out of custody." *United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016).

Peel contends that he is entitled to a writ of coram nobis on his conviction for possession of child pornography because "there was no child" when the photographs were taken in 1974 … the victim was a "16-year-old adult". But as the Seventh Circuit noted a decade ago:

> A 16–year–old is not an adult; and in the first appeal the defendant rightly did not argue that because the photos of his sister-in-law were not criminal when he took them they could not constitute sexual abuse of a minor. In fact under Illinois law in 1976 the sister-in-law was a child and in having sex with her the defendant was guilty of contributing to the sexual delinquency of a minor…a misdemeanor form of statutory rape. The law has since been amended to make the kind of conduct in which he engaged a felony.

*United States v. Peel*, 668 F.3d 506, 510 (7th Cir. 2012). Simply put, Peel has not and cannot raise a fundamental error in his conviction for possession of child pornography because he is, in fact,

guilty of the crime. *United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016) (a "fundamental error that invalidates a criminal proceeding is one that undermines our confidence that the defendant is actually guilty"). His request for coram nobis is denied.

Like his assertions of innocence, Peel has argued his ineffective assistance of counsel and *Brady* violation claims on numerous occasions. And once again, he cannot establish errors of "the most fundamental character" which would have justified habeas corpus relief when habeas corpus relief on these specific issues were sought and denied.

## Conclusion

For the foregoing reasons, Defendant Gary Peel's Motion for Writ of Error Under the All Writs Act (Doc. 272) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 13, 2022**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**