IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06–cr-30049 |
| | ) |
| | ) |
| GARY E. PEEL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on the Defendant Gary E. Peel's Motion to Reconsider (Doc. 287), Motion to Expedite Ruling on the Motion to Reconsider (Doc. 288), and Supplement to the Motion to Reconsider (Doc. 289).

Following guilty verdicts in his 2007 jury trial, Peel was sentenced to 144 months imprisonment – 60 months for bankruptcy fraud, 144 months for obstruction of justice, and 120 months for possession of child pornography, with all sentences to run concurrently (Doc. 183). His first appeal to the Seventh Circuit resulted in vacatur of the obstruction count and resentencing. *United States v. Peel*, 595 F.3d 763 (7th Cir. 2010).  On remand, this Court dismissed the obstruction of justice charge, recalculated the amount of intended loss relevant to the bankruptcy fraud conviction, recalculated the applicable Guidelines sentencing range, and resentenced Peel to 144 months, including consecutive sentences of 24 months for bankruptcy fraud and 120 months for the possession of child pornography (Doc. 228).  The Seventh Circuit affirmed the resentencing on Peel's second appeal. *United States v. Peel*, 668 F.3d 506 (7th Cir. 2012).

In 2011, Peel moved to vacate the judgment under 28 U.S.C. §2255. *See Peel v. United States*, 11-cv-660-WDS, at Doc. 1. He argued that insufficient evidence existed to support his bankruptcy fraud conviction and the sixteen-level loss enhancement assessed under the sentencing guidelines, and asserted that his defense team was ineffective for failing to offer critical testimony and evidence to contradict the prosecution's "blackmail" motivation theory. *Id.* This Court denied Peel's claims for relief (*Id.* at Doc. 6).

Peel then filed a second habeas petition pursuant to 28 U.S.C. §2255 in March 2012, seeking to protect the minor's First Amendment right to pose for sexually explicit photographs at age sixteen and reasserting his claim that his defense attorneys were ineffective in failing to offer critical testimony and evidence to contradict the prosecution's "blackmail" motivation theory. *See Peel v. United States*, 12-cv-275-WDS, at Docs. 1, 1-1. The Court found each of these claims to be groundless (*Id.* at Doc. 36). On appeal, the Seventh Circuit combined Peel's claims and denied his motions to recall the mandate filed in appellate cases 07-3933, 11-2776, and 13-2124. *Peel v. United States*, 13-2124, Doc. 14. Peel's request for hearing en banc was also denied. *Peel v. United States*, 13-2124, Doc. 16. In February 2014, the United States Supreme Court denied Peel's Petition for Writ of Certiorari. *Peel v. United States*, 13-2124, Doc. 19.

Peel then filed a habeas corpus petition in the United States District Court for the Eastern District of Kentucky. *Peel v. Sepanek*, Case No. 14-cv-77, 2014 WL 3611151 (E.D. Ky. July 21, 2014). He argued that the child pornography statute (18 U.S.C. §2252A(a)(5)(B)) violates the Equal Protection Clause, the Due Process Clause, the Ex Post Facto Clause, and the Eighth Amendment; and, he also argued that he should have been sentenced under a lower guidelines range based on newly discovered evidence that established a lower value for the photographs he had possessed. *Peel*, 2014 WL 3611151, at *2. The Court denied Peel's request for habeas relief,

finding that because his claims could have been brought on direct appeal on in his initial §2255 challenge, they did not trigger 28 U.S.C. §2255(e)'s "savings clause" and therefore, could not be pursued under §2241. *Peel*, 2014 WL 3611151, at *3.

Next, in October 2015, Peel filed an emergency motion in the Seventh Circuit seeking immediate release from custody, or in the alternative, permission to file a successive §2255 petition to challenge the calculation of his intended loss. *Peel v. United States*, 15-3269, Doc. 1 at p. 1 (7th Cir. 2015). The Seventh Circuit denied Peel's request and his request for rehearing, noting that he had previously challenged the intended loss calculation – both on direct appeal and in his first §2255 petition. *Peel v. United States*, 15-3269, Docs. 2, 3 (7th Cir. 2015).

In April 2016, the Seventh Circuit considered and denied Peel's Application filed pursuant to 28 U.S.C. §2244(b)(3). *Peel v. United States*, 16-1665 (7th Cir. 2016). The Court rejected his arguments challenging his 2007 conviction for possession of child pornography as the same arguments rejected on his direct appeal. *Id.* With respect to Peel's argument that the "bankruptcy court's rejection of his ex-wife's claim undermines his fraud conviction," the Seventh Circuit held that 'the bankruptcy court's decision does not implicate Peel's innocence as required by §2255(h)(1)." *Id.* Rather, "the conviction is based on Peel's blackmailing of his ex-wife to get her to drop the bankruptcy claim before the bankruptcy court's ruling." *Id.*

Throughout the years, Peel has also filed several miscellaneous motions in this closed criminal case making the same or substantially similar arguments; all of which were denied. He also sought habeas relief from the Supreme Court (denied in *In re Peel*, 137 S. Ct. 1835 (2017)), additional relief pursuant to 28 U.S.C. §§2241 and 2255(e) (denied in *Peel v. Zarrick*, --WL--, 18-2731 (7th Cir. 2021)), and another Petition for Writ of Certiorari (denied in *Peel v. Zarrick*, --WL--,18-2731 (7th Cir. 2021).

Most recently, Peel filed a motion seeking exoneration under the common law writs of coram nobis and audita querela. He argued that he was not guilty of bankruptcy fraud because his conviction was predicated upon "false" information; that he is not guilty of possessing child pornography because the minor was an adult; that his counsel was ineffective; and, various *Brady* violations (Docs. 272). His motion was denied in its entirety (Doc. 286). Peel subsequently filed a Motion to Reconsider (Doc. 287), Motion to Expedite Ruling on the Motion to Reconsider (Doc. 288), and Supplement to the Motion to Reconsider (Doc. 289), which are now before the Court.

Generally, a motion filed within ten (10) days of judgment or ruling is treated as a motion to alter or amend under *F.R.C.P.* 59(e). To prevail on a motion for reconsideration under Rule 59(e), the moving party must present either newly discovered evidence or establish a manifest error of law or fact. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). However, a Rule 59 motion may not be employed to simply rehash previously rejected arguments (*see Musch v. Domtar Industries, Inc.*, 587 F.3d 857, 861 (7th Cir. 2009); *see also Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Caisee Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)), which is what Peel attempts here.

A "manifest error is not demonstrated by the disappointment of the losing party…" *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997). While Peel takes umbrage with various aspects of the Court's ruling, he fails to demonstrate that the Court actually disregarded, misapplied, or failed to recognize controlling precedent.

## Conclusion

For the foregoing reasons, Gary E. Peel's Motion to Reconsider and Supplement (Docs. 287, 289) are **DENIED**. The Motion to Expedite Ruling on the Motion to Reconsider (Doc. 288) is **TERMINATED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED: September 7, 2022**

_____
**STACI M. YANDLE**
**United States District Judge**